**In re A. & G. KNITTING MILLS.**

**COMMONWEALTH OF PENNSYLVANIA**
**v. MILLER.**

**No. 8550.**

Circuit Court of Appeals, Third Circuit.

Argued May 19, 1944.

Decided July 13, 1944.

---

[8] See Wigmore, supra, § 2493, for a discussion of conflicting presumptions and of presumptions which seem to conflict.

Morris M. Wexler, of Philadelphia, Pa. (M. E. Maurer, of Philadelphia, Pa., on the brief), for appellant.

Hyman Zuckerman, of Philadelphia, Pa. (Sidney Chait and David D. Goff, both of Philadelphia, Pa., on the brief), for appellee.

Before DOBIE and McLAUGHLIN, Circuit Judges, and KALODNER, District Judge.

McLAUGHLIN, Circuit Judge.

This is a bankruptcy matter involving a tax claim of the Commonwealth of Pennsylvania against the bankrupt corporation. An involuntary petition in bankruptcy was filed against A. & G. Knitting Mills, a Pennsylvania corporation, on August 14, 1942. That company was adjudicated a bankrupt on August 31, 1942. On September 16, 1942 a proof of claim for taxes on behalf of the Commonwealth of Pennsylvania was filed. The items represented were:

| Capital stock | $8.75 | |
| Loan | 12.50 | |
| Corporate net income | 28.00 | $49.25 |
| Less credit | | 1.49 |
| | | $47.76 |

On September 24, 1942, a trustee was appointed and he filed objections to the proof of claim. After a hearing, the referee disallowed the claim. The District Court, on appeal, reversed the finding of the referee and allowed the claim.

The claim itself is based on two Pennsylvania statutes. The first of these applies to the capital stock and loan tax of that State. It is Section 1 of the Act of February 2, 1937, P.L. 3, 72 P.S. § 707. It requires a corporation to file with the Pennsylvania Department of Revenue returns of the value of its capital stock and of its taxable indebtedness for a given calendar year by March 15th of the following year. It reads: "* * * every corporation * * * shall make, annually, a capital stock report to the Department of Revenue, on or before the fifteenth day of March, for the calendar year next preceding. * * *"

If a corporation fails to make such returns within the time prescribed by law, the Department of Revenue, under the Act of April 9, 1929, P.L. 343, Article VIII, Section 804, 72 P.S. § 804, is required to estimate the valuation of the capital stock and the indebtedness of the particular corporation and settle the account for taxes, penalty and interest. The pertinent provisions of this statute are set out in footnote 1.

---

[1] Act of April 9, 1929, P.L. 343, Article VIII, Section 804, 72 P.S. § 804:

"If the officers of any corporation * * * shall neglect or refuse to make a capital stock report to the Department of Revenue, within the time prescribed by law * * *, it shall be the duty of the Department of Revenue to estimate a valuation of the capital stock of such corporation * * *, and settle an account for taxes, penalties, and interest thereon.

"If the treasurer of any corporation shall fail or neglect to make to the Department of Revenue, within the time prescribed by law, or any extension thereof granted by the Department of Revenue, the report required by law of the amount of indebtedness of the corporation owned by residents of this Commonwealth, as nearly as the same can be ascertained, it shall be the duty of the Department of Revenue to estimate a valuation of the scrip, bonds, certificates and evidences of indebtedness, of such defaulting corporation, or assumed by it, or upon which it pays interest, and settle on account for taxes, penalty, and interest thereon.

\*     \*     \*     \*     \*

The second statute applies to corporate net income and is in substance the same except that the time for filing the required report is on or before April 15th of the following year for the calendar year next preceding. It is Section 1 of the Act of May 29, 1941, P.L. 62, 72 P.S. § 3420d. It reads: " * * * it shall be the duty of every corporation, liable to pay tax under this act, on or before the fifteenth day of April * * * one thousand nine hundred forty-three to transmit to the department * * *· a report * * * of net income taxable under the provisions of this act."

The same Act, 72 P.S. § 3420h, Paragraph (d), provides for estimation of the tax, etc., in event of neglect or refusal to file the required net income report. These provisions are in footnote 2.

The proof of claim here is plainly invalid on its face. It is for the first seven and a half months of the 1942 calendar year. The amounts of the taxes were actually settled or decided on (according to the statements constituting the proof) by the Pennsylvania Revenue Department on August 27, 1942. The proof itself was sworn to September 4, 1942 and filed September 16, 1942. By the very statutes which brought such taxes into existence, the capital stock and corporate indebtedness taxes were not due until March 15, 1943 and the net income tax was not due until April 15, 1943.

Section 57, sub. d of the Bankruptcy Act, U.S.C.A., Title 11, § 93, sub. d reads in part: *"Claims which have been duly proved* shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest or * * *. (Italics ours.)

The single question with which we are dealing here is tightly covered by the holding in the old case of In re Walton, D.C.Or., 1868, 29 Fed.Cas., page 127, No. 17,129, at page 128. There the court said, 29 Fed.Cas.No.17,129, at page 128: "By the act (section 22), the court is required 'to reject all claims not duly proved.' A claim may be said to be duly proved when the statements of the deponent, if true, establish prima facie the existence of the debt, and the present right of the creditor to payment of the same out of the estate of the bankrupt."

Since the Commonwealth of Pennsylvania had no present right to have its asserted taxes paid at the time the proof of claim was filed, the claim should have been rejected as not duly proved.

Both sides attempt to submit other issues. The appellant contends that the tax is in reality a penalty and, therefore, barred under the Chandler Act. The appellee urges that an estimate of corporate taxes filed in a bankruptcy proceeding is prima facie evidence of the alleged debt. These problems do not arise, at least at this time. The attempted taxation was settled by the Commonwealth long prior to the returns being due at all and was, therefore, unlawfully imposed. Since the entire controversy revolves around the Commonwealth's proof of claim, and with the proof itself showing there was no debt due when it was filed, there is nothing else left in the case as it stands at present. Reference was made by counsel to the recent opinion of this court In re Monongahela Rye Liquors, 3 Cir., 141 F.2d 864 and to the United States Supreme Court decisions of Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 and New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.

---

"From any estimated settlement, there shall be no right to file a petition for review, or to appeal, but the Department of Revenue, with the approval of the Department of the Auditor General, may, upon petition, permit the required report or return to be filed, and thereupon make a settlement based upon such report or return, and cancel the estimated settlement. From the department's refusal to permit the filing of a report or return in such case, there shall, however, be no right to file a petition for review or to appeal."

2 Act of May 29, 1941, P.L. 62, 72 P.S. § 3420h, Par. (d):

"If any corporation shall neglect or refuse to make any report and payment of tax required by this act, the department shall estimate the tax due by such corporation and subject to audit and approval by the Department of the Auditor General, settle the amount due by it for taxes, penalties, and interest thereon as prescribed herein, from which settlement there shall be no right of review or appeal, but the department, with the approval of the Department of the Auditor General, may require a report to be filed, and thereupon make a settlement based upon such report and cancel the estimated settlement."

Ed. 284. The Monongahela case did concern Pennsylvania estimated taxes where no corporate return had been filed but in that matter there was no question as to the claim having been duly proved. There, too, the referee actually redetermined the tax. The problem on that phase of that litigation was as stated by the court at page 868 of 141 F.2d: "Whether the circumstances necessary to justify an exercise of bankruptcy's power to redetermine a tax claim are present." That decision did discuss both the Thompson and Anderson opinions, supra, at length as the latter are the leading cases on the status of such tax claims in the Bankruptcy Court. There was, however, no contention in either of those opinions that the proofs of claim did not show a present right to collect an existing debt from the bankrupt estate. Those cases, therefore, do not touch the simple preliminary problem which is all that now concerns us.

The instant facts show that there is an alleged indebtedness which, under the relevant statutes, could not have been due for at least six months. The claim, therefore, was never duly proved under the Bankruptcy Law and never so crystallized that it could be considered by the referee on its merits.

Reversed.